UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIA MEJIA, et al.,

                           Plaintiffs,                       **MEMORANDUM AND ORDER**

              -against-                          10-CV-3342 (RLM)

KRISTIN L. MANZUR, et al.,

                           Defendants.
-------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

Jasmin Giron ("Giron"), on behalf of herself and her infant daughter (the "infant plaintiff") (collectively, "plaintiffs"), brought the instant diversity action to recover money damages after allegedly suffering injuries in a two-car automobile accident that occurred in Staten Island, New York.  Plaintiffs assert that defendants Kristin Manzur ("Manzur") and Wilma Delgado ("Delgado") -- the latter of whom was driving an automobile owned by defendant Elizabet Castro ("Castro") -- (collectively, "defendants") negligently caused plaintiffs personal injury when defendants' two automobiles collided.  On August 1, 2011, Giron moved for partial summary judgment against Manzur on the issue of liability.  That same day, Castro and Delgado moved for partial summary judgment against Giron on the issue of their liability and to dismiss Manzur's cross-claim for comparative negligence.

For the reasons detailed below, this Court concludes that genuine issues of material fact exist regarding the comparative negligence of Delgado, and therefore denies both motions for summary judgment.

## BACKGROUND

This case arises out of an automobile accident that occurred at approximately 4:00 p.m. on September 29, 2009, on Gordon Street near the intersection of Broad Street in Staten Island, New York.  See Pl. Local Civil Rule 56.1 Statement (Aug. 1, 2011) ("Pl. Statement") ¶ 19, Electronic Case Filing ("ECF") Docket Entry ("DE") #64.  Immediately prior to the accident, Delgado was traveling northbound on Gordon Street in a 2008 Nissan owned by Castro.[1]  Id. ¶¶ 11-12, 20.  Giron and the infant plaintiff were passengers in Delgado's automobile, sitting in the front and back right-hand seats, respectively.  Id. ¶ 16.  Manzur was seated in her 2010 Toyota, which was backed into a parking space situated perpendicular to Gordon Street, with the front wheels facing into the street.  Id. ¶ 6.  A large SUV parked to the left of and parallel to Manzur's vehicle obscured Manzur's view of northbound traffic.  Id. ¶¶ 7-10.  As Manzur slowly pulled out of her parking space to see beyond the SUV and enter northbound traffic, Delgado's automobile approached from the south, and the two cars collided.  Id. ¶ 23.  Importantly, neither Manzur nor Delgado noticed the other's automobile until the collision and neither car sounded its horn.  Id. ¶¶ 24-25, 27.

Giron and the infant plaintiff brought this action against Castro, Delgado, and Manzur to recover damages for personal injuries allegedly suffered in the accident.  Am. Compl. (Sept. 8, 2010), DE #4. In their respective amended answers, the two groups of defendants asserted cross-claims against one another to apportion damages.  See Am. Answer of Kristin L. Manzur (Sept. 13, 2010) at 3-4, DE #8; Am. Answer of Elizabet Castro and Wilma Delgado (Sept. 15, 2010) at

---

[1]  For the sake of clarity, this opinion will refer to the Nissan as Delgado's automobile.

2, DE #10.  Delgado also asserted a cross-claim against Manzur to recover damages for personal

injuries she allegedly sustained in the accident. First Cross-Claim of Wilma Delgado (Nov. 12,

2010), DE #28.  The infant plaintiff and Delgado have since reached separate settlements of their

respective claims for personal injuries, and those claims have now been dismissed.  See

Stipulation of Dismissal (July 29, 2011), DE #62; Order Granting Infant Compromise (Oct. 3,

2011), DE #98. However, Delgado has preserved her apportionment claim against Manzur.  Id.

All parties consented to have this case handled for all purposes by a magistrate judge. See

Consent to Jurisdiction (Dec. 1, 2010), DE #34.  Thereafter, on August 1, 2011, Delgado

(together with Castro) and Giron filed summary judgment motions on liability.  See generally

Mem. of Law in Supp. of Pls. Mot. for Summ. J. (Aug. 1, 2011) ("Pl. Mem."), DE #64; Mem. of

Law in Supp. of Defs. Mot. for Summ. J. (Aug. 1, 2011) ("Delgado Mem."), DE #67.  Giron

moved for summary judgment on the issue of liability against Manzur, but not against Castro or

Delgado. Castro and Delgado, on the other hand, moved for summary judgment against Giron on

the issue of liability, and also moved to dismiss Manzur's cross-claim.  For the reasons that

follow, both motions are denied.

## DISCUSSION

### I.   Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[a] court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  The moving party "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of material

fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The non-moving party then must

designate "specific facts showing that there is a genuine issue for trial."  Id. at 324.  In ruling on

the motion, the Court must view the facts, and draw all inferences, in the light most favorable to

the non-movant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970) (internal citations

omitted).  Finally, where, as here, there are multiple defendants asserting cross-claims against

one another for comparative negligence pursuant to section 15-108 of New York's General

Obligations Law, the question of apportionment is an aspect of liability and a determination for

the jury.  Schipani v. McLeod, 541 F.3d 158, 163 (2d Cir. 2008) ("Because apportionment is

essentially an inquiry into causation, and causation must be determined in order to fix liability,

the [New York] Court of Appeals has rightly said that 'apportionment of fault is a component of

the liability determination.'") (quoting Bryant v. State, 7 N.Y.3d 732, 733 (2006)).  Therefore, in

this case, if there are any disputed issues of material fact as to the relative responsibility of

Manzur and Delgado, summary judgment must be denied.

## II.      Vehicle and Traffic Law and Comparative Liability

In their respective motions for summary judgment, plaintiff Giron and defendants Castro

and Delgado argue that as a matter of law, pursuant to section 1143 of New York's Vehicle and

Traffic Law ("VTL"), Manzur bears sole responsibility for the September 2009 accident.  See Pl.

Mem. at 3-4; Delgado Mem. at 4.[2]  Manzur counters that issues of fact remain as to whether

Delgado was at fault and whether her negligence contributed toward the accident.  Manzur Mem.

at 2-3.

Under the relevant provision of the VTL, "[t]he driver of a vehicle about to enter or cross

---

[2]  The parties correctly assume that New York substantive law applies.  See generally Pl. Mem.;
Delgado Mem.; Mem. of Law (Aug. 31, 2011) ("Manzur Mem."), DE #71-12.

a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." N.Y. Veh. & Traf. Law § 1143 (McKinney 2011). New York courts have held that where a defendant pulls into a roadway and collides with an automobile lawfully driving on that roadway, defendant is "negligent as a matter of law in failing to see that which [he] *should have* seen." Garza v. Taravella, 905 N.Y.S.2d 392, 394 (4th Dep't 2010) (emphasis added) (citing Whitcombe v. Phillips, 877 N.Y.S.2d 717, 718 (4th Dep't 2009); Mazza v. Manzella, 854 N.Y.S.2d 424, 425 (2d Dep't 2008); Ferrara v. Castro, 724 N.Y.S.2d 81, 82 (2d Dep't 2001)). However, even where a party offers uncontroverted evidence that the vehicle that he or she was operating (or in which he or she was riding) had the right-of-way, summary judgment is not warranted where the record reveals questions of fact demonstrating some degree of fault on the part of the operator of that vehicle. See Thomas v. O'Brien, Nos. 08-CV-3250, 08-CV-3448 (RLM), 2010 WL 785999, at *4-6 (E.D.N.Y. Feb. 26, 2010) (denying motion for summary judgment in an intersection accident case where, although movant had the right-of-way, non-movant raised issues of fact as to whether movant had exercised reasonable care to avoid the collision) (citing Nevarez v. S.R.M. Mgt. Corp., 867 N.Y.S.2d 431, 433 (1st Dep't 2008)). In the context of section 1143 of the VTL, while a driver on a roadway should generally expect that parked cars will not suddenly and unexpectedly enter traffic, see Albinowski v. Hoffman, 868 N.Y.S.2d 76, 77 (2d Dep't 2008), such a driver must also act with reasonable care under the circumstances. Thus, where the circumstances demonstrate that the driver on the roadway failed to take any action to avoid an impending accident with a driver carefully exiting from a parking space, there remain triable issues of material fact as to comparative negligence.

Here, contrary to movants' assertions, the record – as well as common sense – reveals a disputed and genuine issue of material fact.  First, it is undisputed that Manzur physically could not have seen into the roadway without pulling out in front of the adjacent SUV to a significant degree.  See Pl. Statement ¶¶ 7-10; see also Pl. Mem. at 2; Manzur Dep. 25:24-26:9, April 8, 2011, DE #64-4.  Moreover, Manzur testified that she was exiting her parking space carefully, applying her breaks and looking both ways as she attempted to "inch" forward at about two miles per hour.  Manzur Dep. 51:6-52:10, 57:21-58:9.  "[W]here the evidence establishes that a defendant violated New York's Vehicle and Traffic Law, such violation may be excused if the defendant establishes that reasonable care was exercised in an effort to comply with the statute." Moe v. United States, 668 F.Supp.2d 497, 506 (W.D.N.Y. 2009) (collecting cases).  Assuming *arguendo* the veracity of Manzur's testimony, a reasonable jury could conclude either that Manzur exercised reasonable care in an effort to comply with section 1143 of VTL, or that her negligence was not the sole cause of the accident.

Although Delgado testified that she did not notice Manzur until the moment of impact, Delgado Dep. 26:6-9, April 8, 2011, DE #64-6, Delgado's view – unlike Manzur's – was unobstructed by any vehicles on the road in front of her. Delgado Dep. 21:21-22:4.  In fact, in her deposition, Manzur testified that she had pulled her automobile nearly halfway out of the parking space to view oncoming traffic and was just starting to turn right.  Manzur Dep. 62:11-63:17.  As a result, because Delgado would have had the first opportunity to view the hood of Manzur's vehicle as it slowly pulled out from behind the SUV, there remains a dispute as to whether Delgado reasonably should have seen Manzur and taken action to avoid the accident.  Given the genuine issues of material fact as to the relative responsibility of Delgado and Manzur for the

accident, the question of Delgado's comparative negligence is appropriately left to the trier of fact. See Schipani, 541 F.3d at 163.  Therefore, this Court denies both Giron's and Castro and Delgado's motions for summary judgment.

<h3 style="text-align:center"><u>CONCLUSION</u></h3>

Construing the alleged facts in a light most favorable to defendant Manzur, the dual motions for summary judgment fail to demonstrate the absence of any genuine issues of material fact.  Specifically, Castro, Delgado, and Giron have not dispelled the distinct possibility that, as a matter of comparative negligence, Delgado was in part responsible for the traffic accident on September 29, 2009.  Therefore, the motions for summary judgment are denied.

An in-person conference to schedule the trial date and pretrial submissions will be held on October 18, 2011, at noon.

**SO ORDERED.**

**Dated:**	**Brooklyn, New York**
	**October 14, 2011**

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE